**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |
|---|---|
| In re:<br><br>JEFFREY J. PROSSER.<br><br>  Debtor.<br>_____<br><br>JAMES P. CARROLL, CHAPTER 7<br>TRUSTEE OF THE ESTATE OF<br>JEFFREY J. PROSSER,<br><br>  Plaintiff,<br><br>   v.<br><br>DAWN PROSSER,<br><br>  Defendant.<br>_____ | Civil No. 2008-96<br><br>Chapter 7 Case No. 06-30009<br><br><br><br><br><br>Civil No. 2008-96<br><br>Adv. Proc. No. 08-03009 |

**ATTORNEYS:**

**Bernard C. Pattie, Esq.**
St. Croix, U.S.V.I.
   *For James P. Carroll,*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
   *For Dawn Prosser.*

<u>ORDER</u>

**GÓMEZ, C.J.**

On June 17, 2008, Dawn Prosser ("Prosser") filed a notice of appeal from the June 17, 2008, order of the United States Bankruptcy Court for the District of the Virgin Islands (the

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 2

"Bankruptcy Division"), granting James P. Carroll ("Carroll"), Chapter 7 Trustee of the bankruptcy estate of Jeffrey J. Prosser, the authority to sell Prosser's interest in certain real property located at 89 Victor Herbert Road, Lake Placid, New York (the "Lake Placid Property").  On July 21, 2008, Prosser filed a motion for an extension of time within which to file her appellant's brief.  In the July 21, 2008, motion, Prosser requested that the deadline for filing her appellant's brief be extended until August 4, 2008.  On August 1, 2008, Prosser filed a second motion for an extension of time within which to file her brief.  The August 1, 2008, motion sought to extend the filing deadline to August 15, 2008.  On August 19, 2008, this Court entered an Order granting the July 21, 2008, and August 1, 2008, motions, *nunc pro tunc* to August 4, 2008, and August 15, 2008, respectively.

On January 16, 2009, at which time Prosser had still not filed an appellant's brief, the Court entered an Order directing her to show cause why this appeal should not be dismissed for failure to prosecute.  On January 22, 2009, Prosser filed a timely response to the Court's January 16, 2009, Order.  Prosser asserts that dismissal is inappropriate because, on August 11, 2008, she filed a motion to consolidate this matter with another bankruptcy appeal and that motion is still pending.  Significantly, however, the pendency of Prosser's motion to consolidate did not stay this matter or otherwise relieve Prosser

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 3

of her obligation to comply with the Court's briefing schedule.[1]

*Cf. Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*, Civil No. 2005-46, 2008 U.S. Dist. LEXIS 82142 at *14-15 (D.V.I. 2008) (explaining that the pendency of the plaintiff's motion for a protective order did not relieve the plaintiff of its duty to proceed with litigation in accordance with the Court's scheduling orders). Prosser's motion to consolidate does not contain any request for an extension of time within which to file her appellant's brief. Prosser cannot avoid the consequences of non-compliance with the Court's scheduling orders simply by filing a motion to consolidate.

The Court must determine whether dismissal of Prosser's appeal is appropriate by balancing the following factors:

> (1) the extent of the *party's personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

---

[1] Indeed, the Court notes that in a related bankruptcy appeal, Stan Springel ("Springel"), Chapter 11 trustee for the bankruptcy estate of Innovative Communication Corporation, filed a motion to expedite the hearing on a motion to dismiss. Springel argued that an expedited hearing would enable him to avoid the expense of filing an appellee's brief. Springel's motion to expedite was still pending at the time the appellee's brief was due. Nonetheless, Springel filed his appellee's brief before the expiration of the deadline for doing so, rather than waiting for the Court to rule on the motion to expedite.

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 4

*Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) (explaining that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.") (emphasis in original) (the "*Poulis* factors"); *see also In re E Toys Inc.,* 263 Fed. Appx. 235, 237, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008) (approving of the district court's application of the *Poulis* factors to the dismissal of a bankruptcy appeal for failure to prosecute) (unpublished).

"Not all of the[] *Poulis* factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). However, courts must consider and balance all six *Poulis* factors before dismissing a case with prejudice, and all doubts must be resolved in favor of an adjudication on the merits. *See $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003) ("[W]e have always required consideration and balancing of all six of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits."); *see also Bjorgung*, 197 Fed. Appx. at 125-26 ("Although '[n]ot all of the Poulis factors need be satisfied in order to dismiss a complaint' they must all be considered." (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

**A.   Extent of Prosser's Personal Responsibility**

Here, there is no evidence or allegation that Prosser -- as opposed to her counsel -- was personally responsible for failing

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 5

to meet the briefing deadlines in this matter. Therefore, the first *Poulis* factor does not weigh in favor of dismissal. Nonetheless, because no single *Poulis* factor is dispositive, dismissal still may be appropriate in light of the remaining factors. *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[E]ven assuming that WCI does not bear responsibility for its counsel's conduct, consideration of the remaining factors still compels affirming the District Court's decision to sanction WCI and dismiss the breach of contract claim.").

**B.     Prejudice to Carroll**

Prejudice for the purpose of the *Poulis* factors "does not mean 'irremediable harm.'" *See id.; see also Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988) (rejecting the argument that "the district court should not have dismissed its claim . . . unless the harm to the other parties amounted to 'irremediable prejudice'"). Rather, the burden imposed by impeding the opposing party's ability to prepare a meaningful litigation strategy has been held to be sufficiently prejudicial. *See Ware,* 322 F.3d at 222. In this case, Carroll has neither moved to compel Prosser to file her appellant's brief nor engaged in extensive motion practice as a result of Prosser's delay in abiding by the Court's briefing schedule. Yet, Prosser's failure to file an appellant's brief has left Carroll without any indication as to what specific

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 6

arguments Prosser intends to raise in this appeal.  In that sense, Prosser's delay has completely prevented Carroll from developing any litigation strategy with respect to this appeal, which has been pending now for over six months.  Thus, the Court finds that the second *Poulis* factor weighs slightly in favor of dismissal.

### C.   History of Dilatoriness

Regarding Prosser's history of dilatoriness in this matter, the Court notes that Prosser did not file her appellant's brief within the original time period set by the Court.  Instead, Prosser twice moved for extensions of time within which to file her appellant's brief.  Although both motions for extensions of time were granted, Prosser still failed to file her appellant's brief before the expiration of either of the extended deadlines. Prosser has a sufficient history of dilatoriness in this matter such that the third *Poulis* factor weighs in favor of dismissal.

### D.   Willfulness and Bad Faith

With respect to the issue of whether Prosser or her attorney engaged in willful or bad faith conduct, the Court again notes that Prosser failed to comply with the Court's original briefing schedule, and also twice failed to comply with the extended briefing deadlines that she herself had requested.  Aside from pointing out her pending motion to consolidate, Prosser has offered no explanation whatsoever for her delays.  By failing to file an appellant's brief despite thrice being given the

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 7

opportunity to do so, Prosser has demonstrated a willful disregard for the Court's scheduling orders and for the appellate process in general. *See, e.g., In re E Toys Inc.,* 263 Fed. Appx. at 238 (finding that "the record provides a basis to conclude that [the appellant's] conduct showed willful disregard for the appellate process" because "[h]e ignored the deadlines issued by the District Court"). The fourth *Poulis* factor therefore weighs in favor of dismissal.

**E.     Effectiveness of Alternative Sanctions**

In her response to the Court's January 16, 2009, Order, Prosser suggests that in lieu of dismissing her appeal the Court should grant her motion to consolidate and order her to file her appellant's brief within twenty days from the entry of the consolidation order. That alternative however, is not a sanction. Instead, the course of action proposed by Prosser would reward Prosser's blatant failure to comply with this Court's orders by essentially granting her a third extension of time, allowing her to file her opening brief over six months after the commencement of this appeal. Moreover, the ineffectiveness of the Court's prior orders setting deadlines for Prosser to file her appellant's brief gives the Court reason to doubt the effectiveness of yet another order imposing such deadline.

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 8

**F. Meritoriousness of Prosser's Appeal**

In his complaint in the underlying adversary proceeding, Carroll sought the authority to sell the Lake Placid Property. In its June 17, 2008, order, the Bankruptcy Division granted Carroll such authority, subject to certain conditions set forth in the order. Specifically, the court found that,

> [s]ubject to [Carroll's] marketing the sale of [Jeffrey J. Prosser's] interest in the Lake Placid Property alone in addition to the sale of the entire Lake Placid Property, the benefit to the estate of a sale of the Lake Placid Property free of the interests of [Dawn Prosser] outweighs the detriment, if any, to [Dawn Prosser].

(Order 4, June 17, 2008.) In this appeal, Prosser challenges the Bankruptcy Division's decision to grant Carroll the authority to sell the Lake Placid Property.

However, it is well settled that a bankruptcy court has considerable discretion in deciding motions seeking approval for the sale of property of a bankruptcy estate other than in the ordinary course of business, and "is granted ample latitude to strike a balance between fairness, finality, integrity, and maximization of assets." *In re Farmland Industries, Inc*., 289 B.R. 122, 126 (B.A.P. 8th Cir. 2003); *In re 240 North Brand Partners*, 200 B.R. 653, 656 (9th Cir. BAP 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 152-53 (D. Del. 1999). The likelihood that Prosser can successfully challenge the Bankruptcy Division's exercise of its broad discretion as to such matters is minimal. *Cf. In re E Toys Inc.,* 263 Fed. Appx. at 238 ("[G]iven

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 9

the Bankruptcy Court's discretion to formulate an appropriate remedy regarding violations of an estate professional's disclosure obligations and disinterestedness requirements, and to approve settlements under Bankruptcy Rule 9019, we agree with the District Court's analysis regarding the [minimal] degree of merit regarding Alber's appeal."). As such, the final *Poulis* factor weighs in favor of dismissal.

### G. Totality of Factors

On balance, the totality of the *Poulis* factors demonstrate that dismissal of this appeal is an appropriate sanction for Prosser's failure to file her appellant's brief in accordance with the deadlines imposed by the Court. *Cf. In re E Toys Inc.*, 263 Fed. Appx. at 238 (affirming the district court's decision that the *Poulis* factors favored dismissal of a bankruptcy appeal as a sanction for the appellant's "repeated failures to adhere to ordered briefing deadlines").

Accordingly, it is hereby

**ORDERED** that the above-captioned appeal is **DISMISSED;** it is further

**ORDERED** that all pending motions are **DENIED;** and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**