**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN
```

|  |  |
|---|---|
| In re:<br><br>JEFFREY J. PROSSER.<br><br>            Debtor.<br>_____<br><br>JAMES P. CARROLL, CHAPTER 7<br>TRUSTEE OF THE ESTATE OF<br>JEFFREY J. PROSSER,<br><br>            Plaintiff,<br><br>       v.<br><br>DAWN PROSSER,<br><br>            Defendant.<br>_____ | Civil No. 2008-96<br><br>Chapter 7 Case No. 06-30009<br><br><br><br><br><br>Civil No. 2008-96<br><br>Adv. Proc. No. 08-03009 |

**ATTORNEYS:**

**Bernard C. Pattie, Esq.**
St. Croix, U.S.V.I.
     *For James P. Carroll,*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
**Flavia E. Logie, Esq.**
St. Thomas, U.S.V.I.
     *For Dawn Prosser.*

<u>**ORDER**</u>

**GÓMEZ, C.J.**

     Before the Court is the motion of Dawn Prosser ("Prosser")

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 2

for reconsideration of this Court's January 26, 2009, Order dismissing the above-captioned matter for failure to prosecute.

On June 17, 2008, Dawn Prosser ("Prosser") filed a notice of appeal from the June 17, 2008, order of the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division"), granting James P. Carroll ("Carroll"), Chapter 7 Trustee of the bankruptcy estate of Jeffrey J. Prosser, the authority to sell Prosser's interest in certain real property located at 89 Victor Herbert Road, Lake Placid, New York. Thereafter, Prosser twice moved for extensions of time within which to file her appellant's brief. The Court granted both motions.

On January 16, 2009, at which time Prosser had still not filed an appellant's brief, the Court entered an Order directing her to show cause why her appeal should not be dismissed for failure to prosecute. On January 22, 2009, Prosser filed a timely response to the Court's January 16, 2009, Order, in which she argued that dismissal was inappropriate in light of a pending motion to consolidate this matter with another bankruptcy appeal. In an Order dated January 26, 2009, the Court rejected Prosser's argument and found that dismissal was appropriate in light of the factors outlined in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Prosser has timely moved for reconsideration of the January 26, 2009, Order.

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 3

    Local Rule of Civil Procedure 7.3 provides:

> A party may file a motion asking the court to reconsider its order or decision. . . . A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3 (2008). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

    In support of her motion for reconsideration, Prosser claims that her former trial counsel, Attorney Karin A. Bentz, Esquire, failed to meet court deadlines and failed to adequately communicate with her. In essence, Prosser contends that dismissal was inappropriate because she was not personally responsible for the failure to prosecute. However, as the Court explained in the January 26, 2009, Order, dismissal may be warranted notwithstanding a plaintiff's lack of personal responsibility for her counsel's conduct. *See, e.g., Ware v.*

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 4

*Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[E]ven assuming that WCI does not bear responsibility for its counsel's conduct, consideration of the remaining factors still compels affirming the District Court's decision to sanction WCI and dismiss the breach of contract claim."). Moreover, to the extent Prosser asserts that her failure to timely file her appellant's briefs in this matter was the result of problems she was having with her counsel, the record belies such assertion. Prosser's briefs were due on August 15, 2008. There is no evidence in the record of any strain in the relationship between Prosser and Attorney Bentz at or around that time.[1] To the contrary, the Court's Case Management/Electronic Case Filing ("CM/ECF") system indicates that Attorney Bentz or her associates were vigorously representing Prosser in this and other matters before this Court during the time period when Prosser's briefs were due in this case.

Prosser has not shown any intervening change in controlling law, nor has she demonstrated that any new evidence has arisen. No errors have been asserted. Mere disagreement with the Court's ruling is not a valid basis for a motion for reconsideration.

Accordingly, it is hereby

---

[1] The first indication of trouble in the relationship between Prosser and Attorney Bentz came on February 5, 2009. On that date, Attorney Bentz filed a motion to withdraw as counsel for Prosser on grounds of non-payment. Also on February 5, 2009, Flavia E. Logie, Esquire filed a notice of appearance on behalf of Prosser.

*Prosser v. Carroll*
Civil No. 2008-96
Order
Page 5

**ORDERED** that Prosser's motion for reconsideration is **DENIED.**


S_____
CURTIS V. GÓMEZ
Chief Judge

Case: 3:08-cv-00096-CVG-GWB Document #: 20 Filed: 03/04/09 Page 6 of 6